IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERRY COUCH                                                               PLAINTIFF

vs.                               Civil No. 6:08-cv-06101

MICHAEL J. ASTRUE,                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

On March 18, 2009, Defendant filed a Motion to Remand. (Doc. No. 10).[1] Plaintiff has not responded to this motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4). Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

Defendant requests a remand pursuant to sentence four of 42 U.S.C. § 405(g), so the Commissioner may conduct further administrative proceedings. Defendant seeks remand so the Administrative Law Judge (ALJ) may reassess Plaintiff's residual functional capacity (RFC) and reevaluate the effect of any nonexertional limitations on Plaintiff's RFC. Defendant also requests the ALJ obtain vocational expert testimony on the impact of Plaintiff's limitations on his ability to perform other work available in the national economy.

This Court finds this motion is well-taken and should be granted. The Commissioner's

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

decision is reversed, and this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  In addition, the undersigned finds the Plaintiff's Complaint should be and hereby is dismissed without prejudice.  Plaintiff may still, however, file a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

This Court directs the ALJ to reassess Plaintiff's RFC and reevaluate the effect of any nonexertional limitations on Plaintiff's RFC.  The ALJ will also obtain vocational expert testimony on the impact of Plaintiff's limitations on his ability to perform other work available in the national economy.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 8th day of April, 2009.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE